In the Matter of KEITH CARNEY, Petitioner, v JOHN A. LEARY et al., as Judges of Washington County Court, et al., Respondents.

Third Department, February 7, 1985

## APPEARANCES OF COUNSEL

*William F. Reynolds* for petitioner.

*Robert Abrams, Attorney-General* (*Peter G. Crary* and *William J. Kogan* of counsel), for John A. Leary and another, respondents.

*Gordon M. Hemmett, Jr.,* respondent *pro se.*

### OPINION OF THE COURT

LEVINE, J.

In a felony complaint sworn to August 18, 1984, petitioner was charged with rape in the first degree, committed August 4, 1984 against Jessica YY,[1] age four. Upon petitioner's arraignment on the complaint before a Justice Court of the Village of Salem, Washington County, he pleaded guilty to a reduced charge of sexual abuse in the second degree, a class A misdemeanor. The plea was made pursuant to a plea bargain with an Assistant District Attorney under which petitioner was to receive a sentence of three years' probation. On September 24, 1984, over the opposition of the District Attorney, the Village Justice adhered to the plea agreement and imposed a sentence of probation. Subsequently, a Washington County Grand Jury handed up an indictment in which defendant was charged with rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child, all committed against Cagun YY,[1] age four, on or about August 1, 1984 (counts 1-3), and coercion in the first degree, sexual abuse in the first degree, sodomy in the first degree and endangering the welfare of a child, committed against Charles XX,[1] age seven, and Curtis XX,[1] age eight, during the first or second week of August 1984 (counts 4-11).

Petitioner then brought this proceeding to prohibit the prosecution of the indictment on double jeopardy grounds. The first cause of action in the petition alleges that the plea to sexual abuse in the second degree of Jessica was made pursuant to an understanding with the District Attorney's office that it would be in full satisfaction of all potential charges arising out of the incident alleged in the felony complaint, including crimes which may have been committed against Cagun, Charles and Curtis who were also present. The second cause of action alleges that all the crimes charged in the indictment were part of the same "criminal transaction" (CPL 40.10 [2]) as the crime against Jessica. Therefore, it is averred, the District Attorney's failure

---

1. Fictitious names.

to charge petitioner with such related offenses before the disposition of the original felony complaint bars any subsequent prosecution for those offenses (citing CPL 40.40 [2]).

The dispositive issue before us is whether the remedy of prohibition lies on the basis of the factual allegations of the petition, particularly where, as here, that relief is sought before petitioner availed himself of the alternate remedy of a motion in County Court to dismiss the indictment. The settled law of this State is that, given the strong policy against proliferation of appeals and collateral proceedings in criminal litigations, the remedy of prohibition may only be invoked in the most extreme cases of judicial action, clearly without or in excess of the court's jurisdiction and where it would constitute an unlawful use or abuse of the *entire* proceeding (*Matter of State of New York v King,* 36 NY2d 59, 62-64). Even then, prohibition is not mandatory, but subject to the sound discretion of the court (*La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968). In exercising that discretion, various factors must be considered, including notably, the gravity of the harm, whether an adequate alternative remedy is available, and the status of importance of the right the particular judicial action threatens to impair (*supra,* at pp 579-581).

Initially, we note that since the victims of the crimes alleged in the indictment are not the same as the victim named in the earlier felony complaint, prosecution of the indictment does not of itself violate double jeopardy as such, either in its constitutional or statutory form, even if the acts against all of the infants occurred at the same time and place (*People v Dean,* 56 AD2d 242, 245-246, *affd* 45 NY2d 651; *People v Rodgers,* 184 App Div 461, 463-464, *affd* 226 NY 671; *see,* CPL 40.20 [2] [e]). Nor does the alleged agreement by the prosecution, that a plea to a lesser included offense committed against one of the infant victims would satisfy any potential charges arising out of crimes committed against the other children, create a double jeopardy issue where none before existed. Since none of the crimes against the other children had been the subject of any formal criminal proceeding when the original felony complaint was disposed of by the plea, petitioner was never once put in jeopardy on any such other crimes (*People v Rodgers, supra*). In actuality, petitioner is claiming on this issue that he was induced to plead guilty on the District Attorney's promise of future immunity from prosecution as to the related crimes, a claim which might form the basis of a motion before County Court to dismiss the subsequent indictment for such crimes in the interest of justice (CPL 210.20 [1] [i]), but, for the reasons previously given, not on

the ground of double jeopardy. Since a prosecutorial promise of immunity does not directly affect the jurisdiction of the court, it is highly doubtful whether prohibition would lie at all as to this claim.

It follows from the foregoing that any entitlement to prohibition which petitioner might have stemming from the previous charge and conviction can only be justified under his second cause of action, which invokes the bar of CPL 40.40 against a separate, subsequent prosecution for offenses which were part of the same criminal transaction as the subject of the earlier charge.

■ Given these circumstances, we are of the view that the factors set forth in *La Rocca v Lane* (*supra*) weigh strongly against any discretionary grant of prohibition before petitioner has exhausted his statutory remedy of moving to dismiss the indictment in the court where it is pending (CPL 210.20). First, as commentators have pointed out, the bar to prosecution created under CPL 40.40 is not actually an application of double jeopardy principles, but rather a statutory extension thereof to prevent the inequitable practice of bringing successive, multiple or harassing prosecutions of crimes arising out of the same transaction (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A [1981 ed], CPL 40.40, p 303; Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A [1971 ed], CPL 40.40, p 142). It follows that the right to be free from subsequent prosecution involved in the instant case does not rise to the stature of the similar right of an accused where double jeopardy has been violated.[2]

Furthermore, petitioner has a fully adequate remedy to test the propriety of his further prosecution by way of a statutory motion to dismiss. Indeed, given the nature of his and the opposing contentions, the latter mode of relief may be more appropriate in the first instance. First, as earlier demonstrated, part of petitioner's claim is based on the nonjurisdictional ground of the District Attorney's promise of immunity from further prosecution, an issue which is more properly resolved in a motion to dismiss in the interest of justice. Second, the District Attorney's answer to the petition in this proceeding raises factual issues, the determination of which in his favor would avoid the bar of CPL 40.40, namely, whether the charges in the

---

2. That is not to say that there are not circumstances where the bar to prosecution under CPL 40.40 is enforceable via prohibition, *e.g.*, where it is joined with legitimate double jeopardy claims (*see, Matter of Auer v Smith*, 77 AD2d 172, 188-190; *appeal dismissed* 52 NY2d 1070).

various counts of the indictment are actually part of the same transaction as the crime charged in the original felony complaint and whether the prosecution had in its possession at the time of the pendency of that complaint evidence sufficient to sustain a conviction for the crimes charged in the indictment (CPL 40.40 [2] [b]). The District Attorney also denies the existence of any promise of immunity. Were all of petitioner's contentions embodied in a motion to dismiss addressed to County Court, the statute provides a ready procedure for the resolution of such factual issues (CPL 210.45 [7], [8]).

For all of these reasons, a motion to dismiss the indictment offers a more expeditious, comprehensive remedy which should be utilized before resort to a writ of prohibition. Accordingly, the petition should be dismissed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Petition dismissed, without costs.