(February 26, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. WOODWARD, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered May 18, 1984, upon a verdict convicting defendant of the crimes of criminal mischief in the first degree, criminal possession of a dangerous weapon in the first degree, arson in the third degree, burglary in the second degree, attempted

grand larceny in the second degree and conspiracy in the fourth degree.

From June to September 1983 a series of remarkably similar bank bombings took place first in Dallas, Texas, and later throughout upstate New York. In each incident occurring in New York, two individuals used explosives to blow open automatic teller machines at Marine Midland Banks. Evidence found at the crime scenes revealed striking similarities in the type of explosive used, the manner of the assembly of the explosive unit and its attachment to the vault doors, the kind of equipment left behind at each location, and the general manner of entry into the bank buildings.

Investigation of the crimes led police to believe that Guy Aseltine was a principal actor in the crimes and that he was being assisted by an accomplice whose identity was not known with certainty, although defendant was a suspect. In the early morning hours of September 19, 1983, an attempt was made to blow up the automatic teller machine at the Marine Midland Bank in the Town of Chenango, Broome County. Later that morning, police in Syracuse stopped a car occupied by Aseltine and defendant. Aseltine was arrested for driving without a license and defendant was held on suspicion of the bombing in Broome County. Investigator William Hurley, who had comprehensive knowledge of the entire investigation, applied for search warrants for the person of Aseltine and defendant as well as the vehicle. The warrants were issued and executed. Evidence was found linking Aseltine and defendant to the crimes.

Aseltine and defendant were indicted for various crimes related to the bank bombings. Defendant's suppression motion was denied and the matter moved to trial. After the trial had commenced, defendant moved for a mistrial on the ground that he was not able to proceed without being allowed to fully investigate information in an FBI report discovered to exist in the FBI office in Rochester. The motion was granted. Before the second trial began, defendant moved to dismiss the indictment on the ground of double jeopardy. The motion was denied and defendant was subsequently found guilty of all six counts of the indictment. This appeal ensued.

Defendant contends that the sole basis for his detention was his association with Aseltine and therefore that the detention was illegal and evidence seized was the fruit of the illegal detention. We cannot agree. Even assuming, arguendo, that defendant's detention was illegal, we hold that the evidence obtained was not subject to suppression. Evidence unconnected

with an alleged illegal detention need not be suppressed when it is not the fruit of the illegal detention *(United States v Crews,* 445 US 463, 475; *People v Rogers,* 52 NY2d 527, 533, *cert denied* 454 US 898). Here, the application for the search warrant was based entirely upon information obtained prior to the detention of defendant. Indeed, when defendant was stopped he neither identified himself nor did police interview him or obtain any evidence from him prior to issuance of the search warrant. A review of the information in the application for the search warrant reveals that it was obtained not as a result of defendant's detention, but rather as a result of the ongoing investigation of the burglaries.

Next, defendant maintains that the second trial was in violation of his protection against double jeopardy. When a defendant requests a mistrial, double jeopardy does not preclude another trial unless the underlying error which brought on the defendant's motion was caused by governmental conduct intended to provoke the defendant into moving for a mistrial *(Oregon v Kennedy,* 456 US 667; *People v Ferguson,* 67 NY2d 383; *People v Banks,* 108 AD2d 1016). The mistrial was granted when it was discovered that the FBI had reports on file pertaining to defendant. There is no evidence that the prosecution was in possession or knew of the existence of these FBI reports. Thus, it cannot be said that the prosecution intended to "goad" defendant into moving for a mistrial *(see, Oregon v Kennedy, supra,* at 676). Accordingly, since defendant made the motion for a mistrial, a second trial was not barred by double jeopardy.

Finally, we are unpersuaded by defendant's assertion that there was insufficient evidence to support his conviction on the conspiracy count of the indictment. The similarities of the bombings and the evidence found at each site support the jury's decision that defendant was involved in a conspiracy.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.