■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOLMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered April 16, 1985, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The statements made by the defendant's accomplices while in police custody were properly admitted into evidence at the defendant's trial as declarations against penal interest *(see, People v Shortridge,* 65 NY2d 309). Further, the admission of the statements under an exception to the hearsay rule when the accomplices refused to testify did not violate the defendant's constitutional right to confrontation *(see, People v Thomas,* 68 NY2d 194). The facts adduced at the trial established that the statements were reliable and of probative value. The statements did not mention the defendant's name or refer to his actions but were admitted solely for the purpose of establishing that more than one person participated in the crime. The trial court gave proper limiting instructions to the jury during the testimony and in its charge to minimize any prejudice to the defendant.

We do not agree with the defendant's contention that his retrial after he successfully moved for the declaration of a mistrial violated the prohibition against double jeopardy. Absent a showing that the prosecutor deliberately provoked the mistrial, a defendant's motion for a mistrial bars a double jeopardy claim *(Oregon v Kennedy,* 456 US 667; *People v Banks,* 108 AD2d 1016). Here the trial court found that the error that had caused the mistrial, while attributable in part to the prosecutor, was inadvertent.

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.