In the Matter of STEVEN OWEN, Petitioner, v CLIFFORD T. HARRIGAN, as Schenectady County Judge, et al., Respondents.

Third Department, October 15, 1987

## APPEARANCES OF COUNSEL

*E. Stewart Jones (Leonard W. Krouner* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for Clifford T. Harrigan, respondent.

*John B. Poersch, District Attorney (Michael McGarry* of counsel), respondent *pro se.*

## OPINION OF THE COURT

MAHONEY, P. J.

On August 24, 1980, an automobile in which petitioner, Linda Jensen and Michael Dougherty were occupants was involved in a one-car accident. Jensen was killed, and petitioner and Dougherty were injured. Based on evidence that petitioner had been driving the automobile, the Grand Jury returned an indictment charging him with second degree manslaughter, criminally negligent homicide, and second and third degree assault. After a trial resulted in a hung jury, a mistrial was declared. The jury was apparently deadlocked on the issue of whether petitioner had been driving the car. Neither petitioner nor the People consented to the mistrial. Petitioner's subsequent CPLR article 78 proceeding seeking to prohibit a second trial on double jeopardy grounds was ultimately unsuccessful *(Matter of Owen v Stroebel,* 65 NY2d 658, *cert denied sub nom. Owen v Judge of County Ct.,* 474 US 994).

A second trial was commenced on April 8, 1987. Early during the direct examination of Dougherty by the prosecutor, the witness was asked whether he knew where petitioner resided prior to the time of the accident, to which Dougherty answered "in jail". Over the People's objection, County Court granted petitioner's motion for a mistrial based upon this answer. Petitioner then commenced this CPLR article 78 proceeding in this court seeking to prohibit a retrial on the indictment.

Initially, we note that a CPLR article 78 proceeding in the nature of prohibition is an appropriate vehicle to raise a claim of double jeopardy *(Matter of Abraham v Justices of*

*N. Y. Supreme Ct.,* 37 NY2d 560, 564).* Respondent Schenectady County Judge properly notes that a double jeopardy claim could also be raised by way of a motion to the trial court to dismiss the indictment (CPL 210.20 [1] [e]), which procedure would be preferable where the claim is based on a triable issue of fact which would require a hearing *(cf., Matter of Carney v Leary,* 106 AD2d 176, 179-180). However, we conclude that there are no issues of fact which would prevent petitioner's double jeopardy claim from being resolved in this proceeding.

■ Where a mistrial is ordered on a criminal defendant's motion, double jeopardy is not a bar to a retrial unless the error which prompted the defendant's motion was the result of deliberate prosecutorial conduct which was intended to provoke the defendant into moving for a mistrial *(see, Oregon v Kennedy,* 456 US 667, 673-674; *People v Woodward,* 127 AD2d 929, 931). In this case, petitioner goes to great lengths to demonstrate that the mistrial was caused by prosecutorial impropriety. He avers that the prosecutor intentionally asked a number of questions which were improper in themselves or intended to invoke improper responses. However, these allegations, even if true, do not support petitioner's double jeopardy claim. A defendant's right not to be twice prosecuted for the same offense, which includes his right to have his trial completed by a particular tribunal, must not be confused with the right to a fair trial. Where prosecutorial misconduct, trial court rulings, prejudicial publicity or a myriad of other circumstances deprive a defendant of a fair trial, his due process right to a fair trial mandates a mistrial. The double jeopardy ramifications of such a mistrial are narrowly defined. While a defendant has a right to have his trial completed by the impaneled jury, he cannot be heard to complain where it was his motion for a mistrial which was granted *(see, Matter of Potenza v Kane,* 79 AD2d 467, 469, *lv denied* 53 NY2d 606). The exception to this rule is where the prosecutor intentionally commits error for the purpose of provoking a mistrial motion by the defendant. Thus, the issue is not simply whether the prosecutorial errors were egregious, but whether they were committed for the purpose of abrogating the defendant's right to be tried by the impaneled jury. "Reprosecution

---

* To the extent that the petition appears to raise claims of speedy trial, destruction of evidence, erroneous evidentiary rulings and unfair publicity, these claims are dismissed as not cognizable in a CPLR article 78 proceeding.

will be prohibited only if the misconduct was aimed at vitiating the protection of the double jeopardy clause to gain a more favorable opportunity to convict defendant" *(supra,* at 470).

In the instant case, petitioner puts forth nothing to demonstrate that, even assuming the prosecutorial errors were egregious, the prosecution intended to provoke a mistrial motion to avoid this particular trial and gain a more favorable opportunity for a new trial. The crucial fact at issue was whether petitioner was driving the car. Dougherty was the People's chief witness on this issue and his testimony had not yet even progressed to this point. The circumstances do not suggest that the People would have any reason to scuttle this trial. Therefore, a retrial of defendant is not barred by the principle of double jeopardy.

CASEY, MIKOLL, LEVINE and HARVEY, JJ., concur.

Petition dismissed, without costs.