■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAUREN GEMMILL, Appellant.—Harvey, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 19, 1987, upon a verdict convicting defendant of the crime of robbery in the second degree.

On November 24, 1986, defendant, along with codefendants Gary Meashaw, Michael Compo and Eugene La Fave, offered Richard Swartfigure a ride home from a tavern in the City of Ogdensburg, St. Lawrence County, after the group had spent the evening drinking. Swartfigure was slightly acquainted with Meashaw. Apparently, at some point, defendant had suggested to Compo that they give Swartfigure "a ride home and hit him up for some money". Once on the road, Swartfigure was hit over the head by an unknown individual in the car, dragged out of the car, beaten and robbed. State Troopers eventually saw the victim running down the road, apparently being chased by Compo and defendant. These two were then arrested and defendant was found to have $426 in his possession. It was later learned that sneaker marks in a nearby area where a large scuffle had apparently taken place matched the type of sneakers worn by defendant.

All four participants in the crime were indicted and defendant thereafter, in order to avoid a joint trial, moved to sever alleging that he could not receive a fair trial if jointly tried. This assertion was based principally on a statement that Compo had made which implicated defendant. This motion was denied. Compo and La Fave eventually pleaded guilty to reduced charges and defendant was tried jointly with Meashaw. The first trial ended in a mistrial upon the request of the codefendants following a prejudicial statement made by a prosecution witness. At the second trial, defendant was

found guilty of robbery in the second degree. Meashaw was exonerated of all charges. Defendant was sentenced to a prison term of 4 to 8 years. This appeal followed.

We affirm. Viewing the evidence in the light most favorable to the People, as we must (see, e.g., People v Malizia, 62 NY2d 755, cert denied 469 US 932), there was clearly sufficient evidence to support the jury's verdict that defendant was guilty of robbery in the second degree. Since the crux of the People's case was that defendant was an accomplice to the robbery, the People were required to prove that defendant possessed the mental culpability for the charged crime and that he solicited or intentionally aided another to commit that crime (Penal Law § 20.00). The fact that Meashaw was acquitted of the charged crime does not preclude the imposition of accomplice liability on defendant (Penal Law § 20.05 [2]).

In the case at bar, there was sufficient evidence presented to establish defendant's mental culpability and complicity in the crime beyond a reasonable doubt. Evidence introduced at trial was sufficient to establish that defendant was the one who originally suggested that the victim be robbed. He drove the car, told the other participants to pull the victim out of the car and chased the victim after the completion of the crime. Further, it appeared that defendant shared in the proceeds of the crime. From all of this evidence, the jury could reasonably determine that defendant possessed the requisite mental culpability (see, People v Hayes, 117 AD2d 621, 622, lv denied 68 NY2d 668; People v Bell, 94 AD2d 894, 895, affd 63 NY2d 796) and that defendant was actually a knowing and active accomplice in the crime (see, People v Jackson, 44 NY2d 935, 937; People v Hayes, supra, at 622; People v Williams, 114 AD2d 385, 386, lv denied 67 NY2d 659, 952).

Next, defendant claims that the second trial was in violation of his protection against double jeopardy. The general rule is that when a defendant requests a mistrial, double jeopardy does not preclude another trial unless the underlying error which brought on the defendant's motion was caused by governmental conduct deliberately intended to provoke or "goad" the defendant into moving for a mistrial (Matter of Owen v Harrigan, 131 AD2d 20, 22-23, lv denied 70 NY2d 616; People v Woodward, 127 AD2d 929, 931, lv denied 70 NY2d 659; see, Oregon v Kennedy, 456 US 667, 673-674). Here, the mistrial was granted after a prosecution witness inadvertently referred to the fact that Meashaw had refused to give a statement to the police. County Court determined that the misconduct did not occur due to any bad faith or intentional

act on the part of the prosecutor or her witness *(see, Oregon v Kennedy, supra,* at 675). Since we see no evidence that any prosecutorial errors were "committed for the purpose of abrogating the defendant's right to be tried by the impaneled jury" *(Matter of Owen v Harrigan, supra,* at 22), defendant's second trial was not barred by double jeopardy.

Defendant's remaining arguments are similarly lacking in merit. Despite defendant's numerous conclusory allegations of ineffective assistance of counsel, our review of the record reveals that defense counsel provided meaningful legal representation in the totality of the circumstances *(see, People v Baldi,* 54 NY2d 137, 147; *People v Carolina,* 112 AD2d 244, 246, *lv denied* 66 NY2d 917).

Defendant's failure to renew his motion for a severance after the mistrial waived that issue for appellate review and precludes this court from deciding whether the original denial of that motion was an abuse of discretion *(see, People v Walker,* 71 NY2d 1018, 1020). Finally, defendant has demonstrated no extraordinary circumstances which would justify a reduction of the sentence imposed *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.