(November 22, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY E. ASELTINE, Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 25, 1984, upon a verdict convicting defendant of the crimes of criminal mischief in the first degree, criminal possession of a dangerous weapon in the first degree, arson in the third degree, burglary in the second degree, attempted grand larceny in the second degree and conspiracy in the fourth degree.

The facts of this case are fully set forth in a prior decision of this court in which we affirmed the conviction of a codefendant who was jointly indicted and tried with defendant (People v Woodward, 127 AD2d 929, lv denied 70 NY2d 659). On appeal, defendant raises several issues identical to those previously addressed by this court in Woodward. The first is whether County Court erred in denying defendant's motion to suppress evidence seized pursuant to a search warrant. We disagree with defendant's contention that the search warrant application failed to establish probable cause. The warrant application included police reports and other detailed documentation indicating that defendant was involved in an ongoing scheme in which explosives were used to blow open automatic teller machines at certain banks. The application also revealed that the attempted bank robbery in the City of Binghamton had the same distinct modus operandi as the prior incidents in which defendant was a prime suspect. In our view, County Court properly determined that probable cause existed for the issuance of the warrant.

Defendant also contends that the evidence should have been

suppressed because his initial stop and arrest for operating a vehicle with his license revoked was based on a pretext and therefore illegal (citing, *inter alia, People v Llopis,* 125 AD2d 416, 417). Defendant argues that he was illegally detained beyond the time necessary to process him for the traffic violation because the police were waiting for the search warrant to be issued. As we held in *Woodward (supra)* it is not necessary to decide the legality of defendant's arrest or detention because the application for the warrant was based entirely on information gathered prior to defendant's detention and no evidence was obtained from defendant before the warrant was issued *(People v Woodward, supra,* at 930-931). Because the search warrant was properly issued on probable cause and it was untainted by any illegality, the evidence seized pursuant to the warrant was not subject to suppression *(see, People v Arnau,* 58 NY2d 27, 37).

Defendant's claim that his retrial violated his constitutional protection against double jeopardy does not merit extended discussion since we have already addressed this contention in *People v Woodward (supra,* at 931) and found it to be unavailing. We have considered defendant's remaining contention and find it also to be without merit.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.