■ In the Matter of DARREN FORD, Petitioner, v PHILIP E. LAGANA et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the retrial of the petitioner on Kings County indictment No. 5033/86, on the ground that a retrial of the indictment would subject him to double jeopardy.

Adjudged that the petition is denied, without costs or disbursements, and the proceeding is dismissed on the merits.

At the petitioner's trial, on the second day of deliberation by the jury, the first alternate juror requested that he be discharged to permit him to observe the Sabbath that evening. Defense counsel objected to the dismissal, but, in the alternative, requested that alternate juror number two be dismissed as well, inasmuch as she had indicated during the voir dire that she had many friends who were police officers and that she had herself been the victim of two crimes. The Trial Judge thereupon dismissed both alternate jurors. On the following day, one of the deliberating jurors suffered a heart attack. At the Trial Judge's request, defense counsel moved for a mistrial.

Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of an indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved *(Matter of Plummer v Rothwax,* 63 NY2d 243, 249). Where as here, a mistrial was ordered at the request of the petitioner and there is no evidence of bad faith or an intention by the prosecutor to provoke a mistrial, retrial is not barred by the Double Jeopardy Clauses of the Federal and State Constitutions *(see, People v Ferguson,* 67 NY2d 383, 388; *People v Presley,* 136

AD2d 949; *Matter of Owen v Harrigan,* 131 AD2d 20, 23). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.