■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHAPPELL, Appellant. [607 NYS2d 373] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered October 31, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Clabby, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a so-called "buy and bust" operation conducted by an undercover officer, who consummated the purchase from him and an accomplice. The defendant contends that the hearing court erred when it failed to suppress, among other things, a beeper, $30 in prerecorded money, and an additional $14 in currency recovered from his person, inasmuch as the People failed to produce at the Mapp hearing any of the officers who had briefly detained him before a detective ultimately arrested and searched him. We find that these contentions are without merit. Assuming arguendo that the brief detention of the defendant by several members of the field team was improper, the evidence ultimately obtained from the defendant's person was not the fruit of that detention. Rather, the evidence in question was recovered from the defendant pursuant to the arrest and search effectuated by the arresting detective, who

had independent probable cause to do so, based on the content of the radio transmissions he had received from the undercover officer both immediately after the sale and as he made his way toward the defendant a few minutes later *(see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106; *see, e.g., People v Woodward,* 127 AD2d 929, 930-931). Accordingly, the failure of the People to produce any of the "detaining" officers at the hearing did not warrant suppression of the items recovered from him pursuant to the search conducted by the arresting detective *(see, e.g., People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852; *see also, People v Dodt,* 61 NY2d 408, 415; *People v Bouton,* 50 NY2d 130, 135).

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.