◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LELAND R. ARDUINI, Appellant. [636 NYS2d 139] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered June 30, 1994, upon a verdict convicting defendant of the crimes of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.

On June 2, 1992, a burglary took place at the residence of Frederick Hoyer wherein his stereo, a clothing cabinet, a VCR and a mug full of change were stolen. Subsequent to a police investigation, defendant and Stephen Larsen were arrested and charged with burglary in the second degree, grand larceny in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree.

Defendant and Larsen were tried jointly in a trial held in March 1994 which ended in a mistrial. A second trial was held in May 1994, after which the jury found defendant guilty of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree. On this appeal, defendant contends that his conviction is in violation of the Double Jeopardy Clauses of the Federal and State Constitutions, and that the People failed to prove his guilt beyond a reasonable doubt. While the record does not reflect a motion made to prevent the commencement or continuation of the second trial, we note that the failure to raise this claim at the trial level does not foreclose our review (*see, People v Michael*, 48 NY2d 1, 6).

Notwithstanding defendant's right against double jeopardy, he will be foreclosed from complaint if the motion for the mistrial was made by him and granted, unless it can be shown that the prosecutor intentionally committed error for the sole purpose of provoking defendant to so move (*see, Oregon v Kennedy*, 456 US 667, 673-674; *People v Adames*, 83 NY2d 89, 93; *Matter of Owen v Harrigan*, 131 AD2d 20, 22, *lv denied* 70 NY2d 616; *People v Holmes*, 128 AD2d 727, *lv denied* 70 NY2d 648; *People v Woodward*, 127 AD2d 929, 931, *lv denied* 70 NY2d 659; *Matter of Potenza v Kane*, 79 AD2d 467, 469, *lv denied* 53 NY2d 606). Defendant contends that such prosecutorial misconduct took place. We disagree.

Our review of the record in the first trial reveals that during cross-examination of State Police Investigator Bruce Gardinier, the prosecutor asked whether, during the course of his investigation, he had taken a statement from defendant and Larsen. Both defense attorneys objected and the objection was sustained. The prosecution immediately ceased further questioning. Thereafter, the defense moved for a mistrial, alleging that the question was intended solely to prejudice the defense. Over the objection of the prosecutor, County Court granted the mistrial.

Contrary to defendant's contention, we do not find such facts to demonstrate that the People orchestrated a mistrial due to a belief that they had a low likelihood of success. Assuming, arguendo, that the prosecutor erred by such question, we find the error inadvertent. Since defendant's motion was neither induced nor provoked by prosecutorial harassment, retrial was appropriate (*see, Matter of Potenza v Kane, supra*, at 469).

Defendant's additional claims that the People failed to present legally sufficient evidence to convict him of the crimes for which he was found guilty and that the verdict was against the

weight of the evidence are similarly unavailing. At the second trial, the victim testified, *inter alia*, that he and defendant were acquaintances and that defendant and his girlfriend had been in the victim's apartment on several occasions. The victim's neighbor testified that he saw defendant in the passenger seat of a vehicle leaving the victim's driveway on the evening of the burglary. Describing the vehicle in which defendant was seated, the neighbor further testified that there were two speakers in the backseat of the car. Defendant's girlfriend, an obviously hostile witness, admitted traveling in the vehicle described by the neighbor and another witness testified that defendant had offered to sell him a stereo. The stereo was eventually recovered, offered into evidence at trial and properly identified by both the victim and a witness. Warranty cards found in the victim's apartment confirmed the identification.

Viewing the evidence in the light most favorable to the People (*see, e.g., People v Alexander*, 75 NY2d 979, 980; *People v Roe*, 74 NY2d 20, 23; *People v Contes*, 60 NY2d 620, 621), we find it legally sufficient to establish guilt beyond a reasonable doubt. Moreover, viewing the evidence in a neutral light, we cannot agree with defendant's contention that the jury's verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801; *People v Carthrens*, 171 AD2d 387, 392).

Accordingly, the judgment is affirmed.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.