■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONYA PEGRAM, Appellant. [650 NYS2d 591] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 1, 1995, convicting her of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to supress physical evidence.

Ordered that the judgment is affirmed.

In this "buy and bust" operation, the arresting officer had probable cause to arrest the defendant based on radio transmissions he received from an undercover officer *(see, People v Chappell,* 201 AD2d 492). Therefore, the evidence recovered from the defendant's person was properly admitted at trial *(see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106; *People v Chappell, supra).*

Viewing the evidence, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court properly denied the defendant's request to charge the jury on agency as there was no reasonable view of the evidence to establish that the defendant was acting solely as the agent of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935; *People v Herring,* 83 NY2d 780, 782; *People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Roche,* 45 NY2d 78, *cert denied* 439 US 958).

The defendant received the effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 798-799).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.