In the Matter of SHAWN PHILLIPS, Petitioner, v HOLLEY CARNRIGHT, as Ulster County District Attorney, Respondent, et al., Respondent. [887 NYS2d 724]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Ulster County on an indictment charging him with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree (two counts).

On March 15, 2008, petitioner, assisted by his girlfriend, allegedly sold 10 grams of crack cocaine to undercover investigator Dennis Doyle. He was arrested and, after being Mirandized, gave a statement to detective Shawn McDermott acknowledging that he had provided the crack cocaine for the sale to Doyle. Petitioner also consented to a search of the hotel room where he had been staying, which resulted in the discovery of additional quantities of cocaine. He was indicted on four felony counts for possessing and selling cocaine.

During the second day of trial, the People produced petitioner's girlfriend, who had been offered leniency in exchange for her cooperation. Petitioner's cross-examination of her included, among other things, questions regarding the length of her relationship with petitioner, who was from another area of the state, and she indicated that they had met three times previously. On redirect, the following colloquy occurred between the prosecutor and witness:

"Q. How many times had you met with the [petitioner] prior to March 15th, 2008, if you remember?

"A. Yeah, about three times.

"Q. Can you tell us what you did with him on these occasions?

"A. It was all the same, like drug dealing."

Petitioner immediately objected upon the ground that this testimony implicated prior uncharged crimes about which he had not been provided notice by the People. After hearing extensive argument outside the presence of the jury, County

Court (Czajka, J.) granted petitioner's motion for a mistrial and set a time for further submissions on his motion to have the indictment dismissed and a subsequent trial barred on the ground of double jeopardy. The court heard testimony from the prosecutor and defense counsel and then determined that the prosecutor had not asked the question to provoke a mistrial. The court denied petitioner's motion and set a date for a new trial. Petitioner then commenced the instant proceeding in this Court seeking dismissal of the indictment on double jeopardy grounds. We granted a stay of the retrial pending our determination of this proceeding.

"[W]hen the defendant requests or consents to a mistrial, double jeopardy typically erects no barrier to a retrial" (*Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]). "An exception to this rule exists, however, in instances where a prosecutor has engaged in prejudicial misconduct deliberately intended to provoke a mistrial motion" (*Matter of Gorghan v DeAngelis*, 7 NY3d 470, 473 [2006]; *see Oregon v Kennedy*, 456 US 667, 673 [1982]), which may occur if "the prosecution fears the case is headed toward acquittal" (*Matter of Davis v Brown*, 87 NY2d at 630). Here, while the proof apparently had not progressed in all respects as the prosecutor had intended, we agree with County Court that the record does not establish that the case was headed toward an acquittal. Petitioner had been identified by Doyle as a participant in the drug transaction and McDermott, who had taken petitioner's confession, was still to be called as a witness. The prosecutor testified at the hearing on petitioner's motion that he was not attempting to provoke a mistrial. County Court credited this testimony. We are unpersuaded that the question posed by the prosecutor to petitioner's girlfriend on redirect, the answer to which resulted in the mistrial, was asked with intent to cause a mistrial (*see Matter of Owen v Harrigan*, 131 AD2d 20, 22-23 [1987]); *see also People v Arduini*, 222 AD2d 965, 966 [1995], *lv denied* 87 NY2d 1016 [1996]; *People v Gemmill*, 146 AD2d 951, 952-953 [1989]).

Spain, J.P., Rose and Malone Jr., JJ., concur; Kavanagh, J., not taking part. Adjudged that the petition is dismissed, without costs.