McCarthy, J.
Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered January 7, 2010, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree (two counts).
Defendant, his then girlfriend and another individual were arrested in connection with a sale of cocaine to an undercover police officer. The police then found more cocaine in defendant’s hotel room. At his trial for sale and possession of the cocaine, the jury found him guilty of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the fourth degree.[1] County Court sentenced him, as a second felony offender, to 12 years in *1155 prison and three years of postrelease supervision for the sale count and concurrent terms of eight years in prison plus three years of postrelease supervision for the possession counts. Defendant appeals.
The convictions were supported by legally sufficient evidence and were not against the weight of the evidence.[2] Defendant’s girlfriend testified that the undercover officer called her to arrange a drug sale, but defendant approved of the terms of that sale. She also testified that she received the cocaine from defendant, he decided to proceed to the sale location when she was hesitant, and she gave him the buy money as soon as she returned to her car after the sale. The undercover officer testified that, at the end of the sale, defendant rolled down the car window and told the officer to call him and, in answer to a question, indicated that the officer could get a better price for a sale the following week. The arresting officer testified that he recovered the buy money from defendant and verified that the serial numbers on the bills matched those he had recorded and photocopied prior to the sale. Defendant gave a tape-recorded statement admitting that he was responsible for the cocaine involved in the sale, and that the other occupants of the vehicle were not responsible. The officer found a hotel key in defendant’s possession, defendant signed a consent form allowing the police to search the hotel room, defendant told the officer that something illegal was located in the freezer compartment of the room’s refrigerator and the officer found cocaine in that location. Defendant acknowledged that the room was his, he put his belongings there, and the girlfriend had a separate hotel room. A forensic scientist testified regarding the weight of the substances and that they were cocaine. This evidence was legally sufficient to support the charges (see People v Ebron, 90 AD3d 1243, 1244 [2011]; People v Echavarria, 53 AD3d 859, 862 [2008], lv denied 11 NY3d 832 [2008]).
Defense counsel attacked the girlfriend’s credibility; questioned the chain of custody and pointed out errors in the officers’ evidence paperwork. The proof established that the girlfriend was the person who actually handed the cocaine to the undercover officer in exchange for money, while defendant was in a nearby car, and no police officers saw any drugs in defendant’s possession. Defendant testified that he was not involved in the drug sale, although he was present and knew that the other individuals were participating in a sale. He denied *1156 that he ever possessed, the buy money or any cocaine. He explained his taped confession by stating that he was in love with his girlfriend, who he believed was pregnant with his child, so he took responsibility to protect her from incarceration. Accepting the jury’s credibility determinations as to the conflicting versions of facts, the verdict was not against the weight of the evidence (see People v Johnson, 91 AD3d 1194, 1196 [2012], lv denied 18 NY3d 995 [2012]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]).
County Court did not abuse its discretion by denying defendant’s requests for substitute counsel. The court was aware— from the first trial that resulted in a mistrial and from subsequent proceedings (see Matter of Phillips v Carnright, 66 AD3d 1319 [2009]) — that counsel was prepared and actively working on defendant’s behalf. As defendant’s requests were made on the eve of trial and were based upon generalized dissatisfaction without specific factual allegations to support his complaints, he did not provide good cause for substitution. Thus, the court did not abuse its discretion when it denied his requests (see People v Smith, 18 NY3d 588, 592-593 [2012]; People v Porto, 16 NY3d 93, 100-101 [2010]; People v Augustine, 89 AD3d 1238, 1240 [2011]).
Defendant received the effective assistance of counsel. While defendant points to errors regarding jury charges and preclusion of evidence that County Court addressed or corrected without the issues having been raised by counsel, defendant was not prejudiced because those errors were remedied by the court. As for the other errors that defendant alleges, they are either unsupported by the record or defendant failed to show the absence of a strategic or other legitimate explanation for counsel’s actions (see People v Aponte, 60 AD3d 1199, 1201 [2009]; People v Muller, 57 AD3d 1113, 1114 [2008], lv denied 12 NY3d 761 [2009]). Counsel made evidentiary objections, extensively cross-examined the People’s witnesses, raised questions about the police officers’ handling of evidence and advanced a plausible theory that the girlfriend orchestrated the drug sale without defendant’s involvement. Considering the totality of the circumstances, defendant received meaningful representation (see People v Jenkins, 90 AD3d 1326, 1330 [2011], lv denied 18 NY3d 958 [2012]; People v Vargas, 72 AD3d 1114, 1119 [2010], lv denied 15 NY3d 758 [2010]).
County Court struck an appropriate balance in its Sandoval ruling by permitting the People to inquire as to whether defendant had been convicted of two prior unspecified felonies, without allowing inquiry into the nature or underlying facts of those *1157 convictions (see People v Grady, 40 AD3d 1368, 1370 [2007], lv denied 9 NY3d 923 [2007]). We have reviewed defendant’s remaining contentions and found that they lack merit.
Peters, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

. Defendant’s first trial ended in a mistrial (see Matter of Phillips v Carnright, 66 AD3d 1319 [2009]). He was convicted after his second trial.

. Because his convictions were supported by legally sufficient trial evidence, defendant is precluded from challenging the legal sufficiency of the evidence presented to the grand jury (see CPL 210.30 [6]).