*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 21, 2016                    106465
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DERICK L. SINGLETON,
                        Appellant.
_____


Calendar Date:   November 17, 2015

Before:  Lahtinen, J.P., Garry, Rose, Lynch and Devine, JJ.

_____


        Mark Diamond, Albany, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered November 22, 2013, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).

        On March 2, 2013, Jelene Peck was driving a vehicle with two passengers, Wade Smith and defendant, in the City of Elmira, Chemung County.  A police officer observed an air freshener hanging from the rear view mirror that purportedly obstructed Peck's view through the windshield (see Vehicle and Traffic Law § 375 [30]), and he proceeded to stop the vehicle.  A routine check determined that defendant had active warrants against him and, as defendant was exiting the vehicle to be placed under arrest, the officer observed a crack pipe on the floorboard.  The

officer obtained Peck's consent to search the vehicle and discovered a small baggie of crack cocaine near the driver's side door, as well as three larger baggies of crack cocaine wedged between the driver's seat and the center console.

Defendant, who had been sitting in the front passenger seat, was thereafter charged in an indictment with two counts of criminal possession of a controlled substance in the third degree. Following a Mapp hearing, his motion to suppress the evidence recovered in the search of the vehicle was denied. The first trial on the indictment ended when the People elicited testimony violative of County Court's Molineux ruling, prompting defendant to successfully move for a mistrial. County Court held that a retrial was not barred by double jeopardy and, at the conclusion of the second trial, defendant was convicted as charged. County Court sentenced defendant, a second felony offender, to concurrent prison terms of six years to be followed by postrelease supervision of three years. Defendant appeals, and we affirm.

Defendant contends that the second trial was barred by double jeopardy but, because he was the one who sought the mistrial, such would only be the case if "the prosecution deliberately provoke[d]" him into doing so (Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; see Matter of Gorghan v DeAngelis, 7 NY3d 470, 473 [2006]; Matter of Phillips v Carnright, 66 AD3d 1319, 1320 [2009]). In that regard, Peck was expected to testify that she and Smith had known defendant for about six months before March 2013, and that they often gave defendant rides. County Court issued a Molineux ruling barring the People from eliciting testimony revealing that defendant paid for those rides with crack cocaine. Peck made no mention of the prior exchanges of drugs during her testimony at the first trial, but Smith answered a vague question about "the nature of [his] relationship" with defendant by saying that "[i]t was strictly cocaine." There is no indication in the record that the People asked this question in a gambit to goad defendant into moving for a mistrial due to fear that "the case [was] headed toward acquittal," a fear that would have been misguided given the evidence already introduced that defendant had possessed a large quantity of crack cocaine and other items indicating that he was

involved in the drug trade at the time of the traffic stop (Matter of Davis v Brown, 87 NY2d at 630; see Matter of Phillips v Carnright, 66 AD3d at 1320; People v Stewart, 57 AD3d 1312, 1313 [2008], lv denied 12 NY3d 788 [2009], cert denied 558 US 1116 [2010]). The questioning by the People may have been indicative of intemperate advocacy "inten[ded] to secure a conviction," but "a new, fair trial" is the proper remedy for such excesses (Matter of Gorghan v DeAngelis, 7 NY3d at 474).

Count 2 of the indictment charged defendant with "knowingly and unlawfully possess[ing]" crack cocaine "of an aggregate weight of one-half ounce or more," and he argues that his conviction on that count was against the weight of the evidence (Penal Law § 220.16 [12]).[1] Defendant does not take issue with the proof presented to show that he knowingly and unlawfully possessed the cocaine which, in any case, is amply established by Peck's testimony. Defendant instead asserts that proof of the aggregate weight is wanting, but a forensic scientist testified that he used a scale in good working order to determine that the cocaine found in two of the baggies weighed "[a]pproximately 14.47 grams," well over the 14.17 grams equivalent to half an ounce. He further testified that he did not weigh the cocaine in a third baggie, as laboratory policy dictated that he "test [only] to the highest possible charge." Viewing this proof in a neutral light and according appropriate deference to the credibility determinations of the jury, we do not find the conviction on count 2 to be against the weight of the evidence (see People v Parker, 84 AD3d 1508, 1509-1510 [2011], lv denied 18 NY3d 927 [2012]; People v Butler, 190 AD2d 743, 743-744 [1993], lv denied 81 NY2d 968 [1993]). Moreover, inasmuch as sufficient proof was presented with regard to the weight of the cocaine, defense counsel was not ineffective in failing to specifically move for a trial order of dismissal on that basis

_____

[1] Defendant appears to acknowledge that his challenge to the legal sufficiency of the evidence is unpreserved (see People v Hawkins, 11 NY3d 484, 492 [2008]); regardless, "a weight of the evidence challenge, which bears no preservation requirement, also requires consideration of the adequacy of the evidence as to each element of the crimes" (People v Cruz, 131 AD3d 724, 725 [2015]).

(see People v Card, 115 AD3d 1007, 1008-1009 [2014], lv denied 23 NY3d 961 [2014]).

Defendant next asserts that the officer who stopped the vehicle did not have probable cause to do so, and that the drugs recovered from that vehicle should have been suppressed. County Court credited the suppression hearing testimony of the officer that he stopped the vehicle after observing a large object, which he later identified as an air freshener, hanging from the rear view mirror in a manner that could have prevented the driver from seeing a vehicle through the windshield. Probable cause therefore existed to justify the stop, even if one may reasonably wonder whether the violation of Vehicle and Traffic Law § 375 (30) was "the primary motivation of the officer" for making it (People v Robinson, 97 NY2d 341, 349 [2001]; see People v Bookman, 131 AD3d 1258, 1260-1261 [2015]; People v Rasul, 121 AD3d 1413, 1415 [2014]).

Defendant lastly argues that County Court erred in sentencing him as a second felony offender, but that issue is unpreserved due to his failure to object at sentencing, and we perceive no reason to exercise our interest of justice jurisdiction to reverse or modify on that issue (see CPL 470.15 [3] [c]; People v Lowell, 126 AD3d 1235, 1235 [2015], lv denied 25 NY3d 1167 [2015]; People v Dixon, 118 AD3d 1188, 1189 [2014]).

Lahtinen, J.P., Garry, Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court