■ In the Matter of DILLEN A. DEVEINES, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD, Respondent. [25 NYS3d 760]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Norman I. Siegel, J.], entered Oct. 30, 2014) to review a determination of respondent. The determination affirmed the decision of the Administrative Law Judge, dated July 17, 2013,

revoking the license and/or privilege of the petitioner to operate a motor vehicle.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. A police officer initially stopped petitioner for a traffic violation, and ultimately took petitioner into custody after petitioner exhibited signs and made statements that indicated he was intoxicated. Petitioner refused to submit to a chemical test and, based on that refusal, his driver's license was temporarily suspended. A refusal revocation hearing was thereafter held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The Administrative Law Judge revoked petitioner's license after concluding, inter alia, that the officer had lawfully stopped petitioner for violating Vehicle and Traffic Law § 375 (30) because petitioner's view was obstructed by objects hanging from his rearview mirror. In affirming the determination on petitioner's administrative appeal, respondent concluded that, pursuant to *People v Ingle* (36 NY2d 413, 420 [1975]), the stop was lawful, i.e., the officer possessed specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the stop.

We agree with petitioner that respondent reviewed the determination under an incorrect legal standard inasmuch as, "[s]ince *Ingle*, . . . the Court of Appeals has made it 'abundantly clear' . . . that 'police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' . . . [,] or where the police have 'probable cause to believe that the driver . . . has committed a traffic violation' " (*People v Washburn*, 309 AD2d 1270, 1271 [2003]; *see People v Robinson*, 97 NY2d 341, 349 [2001]). We nevertheless reject petitioner's contention that the record lacks substantial evidence to support the determination that the stop was lawful. Contrary to petitioner's contention, "[p]robable cause . . . 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a *reasonable belief* that an offense has been or is being committed' " (*People v Guthrie*, 25 NY3d 130, 133 [2015], *rearg denied* 25 NY3d 1191 [2015]). Here, the record establishes that

the officer had probable cause to believe that petitioner was violating Vehicle and Traffic Law § 375 (30) inasmuch as the officer testified that he observed objects measuring approximately four inches wide—later identified as air fresheners—hanging three or four inches below the rearview mirror, and that those objects may have obstructed petitioner's view through the windshield (*see People v Singleton*, 135 AD3d 1165, 1168 [2016]; *People v Bookman*, 131 AD3d 1258, 1260 [2015]; *cf. People v O'Hare*, 73 AD3d 812, 813 [2010]). Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.

■ In the Matter of FRANCES FLANNERY, Petitioner, v HOWARD Z. ZUCKER, M.D., J.D., Acting Commissioner, New York State Department of Health, et al., Respondents. [24 NYS3d 832]——

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [William F. Kocher, A.J.], entered May 28, 2015) to review a determination of respondent New York State Department of Health. The determination, after a fair hearing, denied the application of petitioner for chronic care medical assistance.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to challenge a determination, made after a fair hearing, that she is ineligible for Medicaid coverage. We confirm that determination. When reviewing a Medicaid eligibility determination made after a fair hearing, we must determine whether the agency's decision is "supported by substantial evidence and [is] not affected by an error of law," bearing in mind that the petitioner "bears the burden of demonstrating eligibility" (*Matter of Albino v Shah*, 111 AD3d 1352, 1354 [2013] [internal quotation marks omitted]). We will uphold the agency's determination when it is "premised upon a reasonable interpretation of the relevant statutory provisions and is consistent with the underlying policy of the Medicaid statute" (*Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 658 [1998]; *see Matter of Peterson v Daines*, 77 AD3d 1391, 1392-1393 [2010]).

Here, we conclude that the agency's determination, which is based on its conclusion that the principal of a trust of which petitioner is a beneficiary is an "available resource," is sup-