The People of the State of New York, Respondent,
against
Shiloh Polanco, Appellant.




Eric A. Pack, Esq., for appellant.
Westchester County District Attorney (Laurie Sapakoff, Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the City Court of New Rochelle, Westchester County (Susan J. Kettner, J.), rendered January 24, 2014. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal from the judgment of conviction brings up for review so much of an order of the same court (Gail B. Rice, J.) dated September 9, 2013 as, upon reargument, adhered to a prior determination denying, after a hearing, the branches of defendant's motion seeking to suppress statements and physical evidence.




ORDERED that the judgment of conviction is reversed, on the law, the plea of guilty and so much of the order dated September 9, 2013 as, upon reargument, adhered to the prior determination denying the branches of defendant's motion seeking to suppress statements and physical evidence are vacated, those branches of defendant's motion are granted, the misdemeanor information is dismissed, and the fine, if paid, is remitted.
On November 6, 2012, after a police officer stopped defendant on the Hutchinson River Parkway for operating a motor vehicle equipped with glass that distorts visibility (Vehicle and Traffic Law § 375 [22]), the People charged defendant, in simplified traffic informations, with that offense, with operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512) and with displaying improper number plates (Vehicle and Traffic Law § 402 [4]). After a postarrest inventory search of defendant's vehicle produced a quantity of marihuana, the People charged defendant, in a felony complaint, with criminal possession of marihuana in the second degree (Penal Law § 221.25), later superseded by a misdemeanor information charging defendant with criminal possession of marihuana in the fourth degree (Penal Law § 221.15) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant moved to suppress statements and physical evidence on the ground that the initial stop of his automobile had been unlawful. Following a hearing, the City Court (Gail B. Rice, J.) determined that the stop was lawful and denied the motion. On September 9, 2013, the City [*2]Court (Gail B. Rice, J.) granted defendant's motion for leave to reargue and, upon reargument, adhered to its prior determination. On January 24, 2014, before Judge Susan J. Kettner, defendant accepted the People's offer of a guilty plea to disorderly conduct (Penal Law § 240.20 [7]) and the imposition of a fine, and pleaded guilty to that offense in satisfaction of the misdemeanor information and the simplified traffic informations.
On appeal, defendant contends, among other things, that the hearing court should have suppressed all statements and physical evidence because the People failed to establish the legality of the initial stop of his vehicle. The People agree.
" [A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (People v Robinson, 97 NY2d 341, 248-349 [2001], quoting Whren v United States, 517 US 806, 810 [1996]; see e.g. People v Allen, 89 AD3d 742, 743 [2011]; cf. People v Bushey, 29 NY3d 158, 164 [2017] ["Police stops of automobiles in New York are legal when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing or are about to commit a crime' "], quoting People v Spencer, 84 NY2d 749, 753 [1995]). As a violation of Vehicle and Traffic Law § 375 (22) is a traffic infraction, not a crime, the probable cause standard applies.
Vehicle and Traffic Law § 375 (22) states:
"It shall be unlawful to operate a motor vehicle upon the public highways of this state which is equipped with any glass which is so broken, fractured or discolored as to distort visibility,"
The arresting officer's testimony, with respect to his justification for stopping defendant's vehicle, was limited to his observation of "a large crack . . . starting in the area of the upper left hand corner, [and] extending horizontally across almost the entire length of the windshield." There was no testimony as to the dimensions of the "large" crack nor in what manner it distorted defendant's visibility. Given that the crack apparently occupied the zone of the front windshield where certain limitations on visibility are permitted (see Vehicle and Traffic Law § 375 [12-a] [b] [1]), testimony as to how the crack may have distorted defendant's visibility was essential. Related statutes addressing the obstruction of the visibility of operators similarly require proof of actual impairment of visibility (see Vehicle and Traffic Law § 375 [30]; compare People v Singleton, 135 AD3d 1165, 1168 [2016], with People v O'Hare,73 AD3d 812, 813 [2010]; see also Vehicle and Traffic Law § 375 [2]; People v Meola,7 NY2d 391, 395 [1960]; People v Allen, 89 AD3d at 743). Consequently, we find that there did not exist probable cause for the stop of defendant's vehicle and, thus, the branches of defendant's motion seeking to suppress statements and physical evidence should have been granted. Since without the suppressed evidence there cannot be legally sufficient evidence to prove defendant's guilt, the misdemeanor information is dismissed (see People v Furrs, 149 AD3d 1098, 1100 [2017]).
In light of the foregoing, we need not reach defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed, the plea of guilty and so much of the order dated September 9, 2013 as, upon reargument, adhered to the prior determination denying the branches of defendant's motion seeking to suppress statements and physical evidence are vacated, those branches of defendant's motions are granted, and the misdemeanor information is dismissed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2017