=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 70
In the Matter of P. David Soares,
&c.,
                Respondent,
            v.
William A. Carter, &c.,
                Appellant,
Colin Donnaruma et al.,
                Respondents.


            James C. Knox, for appellant.
            Christopher D. Horn, for respondent Soares.
            Mark S. Mishler, for respondents Colin Donnaruma et al.
            District Attorneys Association of the State of New
York, amicus curiae.




MEMORANDUM :

        The order of the Appellate Division should be affirmed,

without costs.

        The underlying prosecution in this matter stems from

defendants' participation in protest demonstrations in the City

of Albany in support of the Occupy Movement.  Defendants were

arrested and charged with disorderly conduct.  In addition, one

- 1 -

of the defendants was charged with resisting arrest.  The Albany

County District Attorney offered each defendant a six-month

adjournment in contemplation of dismissal.  City Court refused to

accept the pleas unless they were combined with a requirement of

community service.  Defendants rejected that condition.

The People then sent a letter to the court indicating

that they had decided to discontinue prosecuting defendants'

cases.  Defendants moved to dismiss the charges against them

based in part upon the People's letter.  The court denied

defendants' motions to dismiss, holding that the People had not

complied with the proper procedures for terminating a case under

the Criminal Procedure Law, and that if the People "fail[ed] to

appear at the next scheduled court date, th[e] court may be

forced to utilize one of the few available options left to it

under these circumstances, including, but not limited to, its

contempt powers."[1]

The People sent a second letter to the court

reiterating that, although they would be present at any scheduled

court dates, they would not call any witnesses.  During a

scheduled suppression hearing, the People informed the court that

they had no witnesses to call; to which the Judge responded that

the People had no witnesses to call because they refused to call

---

[1]  The People indicated that they chose not to move to
dismiss the charges pursuant to Criminal Procedure Law 170.40
(1), because in their view the Judge would likely deny the
motion.

them and were thereby willfully refusing to participate.  The
Judge again noted that he could use the court's contempt powers
if the People continued to refuse to participate.  The District
Attorney then commenced this article 78 proceeding.  Supreme
Court granted the District Attorney's request for a writ in the
nature of prohibition, only to the extent of enjoining the Judge
from enforcing his orders compelling the People to call
witnesses.  The Appellate Division affirmed Supreme Court's grant
of the narrowly tailored writ, and we agree.

"Prohibition is available to restrain an inferior court
or Judge from exceeding its or his [or her] powers in a
proceeding over which the court has jurisdiction" (LaRocca v
Lane, 37 NY2d 575, 577 [1975], cert denied 424 US 968 [1976]; see
Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 437
[1971], cert denied 404 US 823 [1971).  To demonstrate a clear
legal right to the extraordinary writ of prohibition, a
petitioner is required to show that the challenged action was "in
reality so serious an excess of power incontrovertibly justifying
and requiring summary correction" (LaRocca, 37 NY2d at 580).

"The concept of the separation of powers is the bedrock
of the system of government adopted by this State in establishing
three coordinate and coequal branches of government, each charged
with performing particular functions" (Matter of Maron v Silver,
14 NY3d 230, 258 [2010]).  Under the doctrine of separation of
powers, courts lack the authority to compel the prosecution of

criminal actions (see Matter of Cantwell v Ryan, 3 NY3d 626, 628 [2004]).  Such a right is solely within the broad authority and discretion of the district attorney's executive power to conduct all phases of criminal prosecution (see County Law § 700 [1]; People v Cajigas, 19 NY3d 697, 703 [2012]).

The courts below correctly determined that a trial court cannot order the People to call witnesses at a suppression hearing or enforce such a directive through its contempt powers. Any attempt by the Judge here to compel prosecution through the use of his contempt power exceeded his jurisdictional authority. It is within the sole discretion of each district attorney's executive power to orchestrate the prosecution of those who violate the criminal laws of this State (see County Law § 700 [1]; see also NY Const, art XIII § 13).  Where the court assumes the role of the district attorney by compelling prosecution, it has acted beyond its jurisdiction.  Thus, issuance of a writ here to preclude a limited *ultra vires* act was appropriate.  Contrary to the Judge's argument, the writ does not prohibit him from exercising his general contempt powers to enforce lawful orders or ensure the District Attorney's compliance with the Criminal Procedure Law.  Rather, the writ is limited to prohibiting him from requiring the People to pursue prosecution, namely by calling witnesses or putting on proof at the suppression hearing. Consequently, the courts below properly granted the writ.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs, in a memorandum.  Chief Judge
Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Fahey
concur.  Judge Stein took no part.

Decided May 7, 2015