OPINION OF THE COURT
William A. Carter, J.
On June 14, 2012, Colin Donnaruma was arraigned on two counts of disorderly conduct (see Penal Law § 240.20 [5], [6]) and one count of resisting arrest (see Penal Law § 205.30). Now, by notice of motion filed on May 8, 2015 — almost three years since the commencement of this prosecution — the defendant, through his attorney, Mark S. Mishler, Esq., moves for dismissal in the furtherance of justice pursuant to CPL 170.40, and moves again for dismissal pursuant to CPL 30.30 and 170.30 (1) (d). The People responded by filing a letter stating they have no opposition to the motion to dismiss.
Motion to Dismiss in the Furtherance of Justice
It is truly unfortunate, albeit understandable, that the appellate courts chose to view the record in this case so narrowly. However, by not addressing the broader legal issues in this procedurally unusual case, it left undisturbed the well-settled precedent regarding the manner in which a case may properly be dismissed by a district attorney once commenced and the contempt power of the court. The doctrine of nolle prosequi was not resurrected and a new catchall provision for the dismissal of cases in the interest of justice was not created by the decision and order of the Appellate Division (see Matter of Soares v Carter, 113 AD3d 993 [3d Dept 2014], affd, 25 NY3d 1011 [2015]). In sum, the law which governed the issues to be decided in this case at its inception remains the same.
If this court was to look only to the defendant’s present motion to dismiss, then this case would surely remain in this procedural limbo created by the People’s admitted refusal to follow the CPL, in perpetuity. This stalemate would continue because of the defendant’s apparent inability to state in a motion why he is entitled to this relief. Inexplicably, and with seeming disregard for the inordinate amount of time, energy *827 and resources utilized during the collateral proceedings related to this matter, as well as the decisions generated therefrom, what is offered is his continued reliance upon the District Attorney’s declaration, without explanation, that he will not continue this prosecution. That this offer is being made to the court at this late date, despite the decisions and orders of this court, Supreme Court and the Appellate Division which all acknowledged the black letter law that a district attorney does not have the authority to unilaterally cease a prosecution is indeed troubling.
In 1976, the Court of Appeals expressed its “discomfiture” with the manner in which cases could be dismissed unchecked (see People v Beige, 41 NY2d 60, 62 [1976]). In response, in 1979, the legislature added the 10 factors to be considered in subdivision (1) of CPL 170.40, i.e., the factors to be considered in a motion to dismiss in the interest of justice. As such, it should be noted that the only issue considered by this court has always been compliance with the legislative mandate which requires, “the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant . . . would constitute or result in injustice” (CPL 170.40 [1]). Adherence to this procedure, which requires that those factors be stated on the record and thus subject to public scrutiny when a district attorney, a defendant or the court, seeks dismissal, was the only issue in this case, not the usurping of prosecutorial discretion, politics or personalities.
Over the years, this court has seen hundreds, if not thousands, of individuals charged with these very same offenses under circumstances far less clear. Many of those defendants, comprised mostly of indigent people of color, were arguably also peacefully exercising their First Amendment rights. However, the procedural posture taken here by the District Attorney has never been exercised before or after these four defendants, except with other members of the Occupy Movement. Historically, defendants who sought dismissal of their charges were required to follow the CPL, as was the District Attorney, who in turn typically opposed the granting of a dismissal. Since this procedure was not followed here, the People of Albany County will not receive an explanation as required by law as to why these defendants out of so many similarly situated defendants are deserving of this treatment.
CPL 170.40 (2) allows a court to dismiss in the interest of justice sua sponte. It requires the court to state the reasons for *828 the dismissal on the record (something this court has done countless times in the past when circumstances existed to justify it or a proper record was made by the parties in support of it). During the pendency of this case, such a record was never made for this court to consider whether compelling circumstances in support of dismissal existed, until now. The outright defiance of the legislature by the District Attorney and defense counsel’s continued reliance upon it have given the court sufficient reason to dismiss the two counts of disorderly conduct (see Penal Law § 240.20 [5], [6]) and one count of resisting arrest (see Penal Law § 205.30). It is due solely to counsels’ actions and inactions that the defendant has been denied a resolution of his case for this long. The court will not allow the defendant to be prejudiced any further as it has become clear that defense counsel and the District Attorney will continue to give credence to a legal doctrine that was abolished by the legislature over 100 years ago in its effort to bring transparency to this process. Based upon the foregoing, the two counts of disorderly conduct (see Penal Law § 240.20 [5], [6]) and one count of resisting arrest (see Penal Law § 205.30) are dismissed in the interest of justice.
Other Motions
Any motions not specifically granted herein are hereby denied.