Rose, J.
 

 Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of Broome County on an indictment charging him with attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, burglary in the first degree and burglary in the second degree.
 

 During the course of petitioner’s trial on various charges stemming from his involvement in a violent home invasion, respondent Benjamin K. Bergman, the special prosecutor appointed to prosecute the case, discovered that defense counsel had previously represented two central prosecution witnesses that had not yet testified. Bergman immediately brought this conflict to County Court’s attention, and the court engaged in a thorough discussion of the issue with the parties. During the discussion, petitioner stated that he was unwilling to waive the conflict and requested that new counsel be appointed for him. Defense counsel thereafter moved for a mistrial, and County Court granted the motion. Petitioner then commenced this CPLR article 78 proceeding seeking to prohibit respondents from retrying him on double jeopardy grounds, and we subsequently denied petitioner’s motion to stay the retrial.
 

 The parties have advised us that, during the pendency of this proceeding, petitioner was retried and convicted of all of the charges in the indictment. In light of this, we must dismiss the petition as moot because the requested relief is no longer available to petitioner and, thus, “the rights of the parties cannot be affected by the determination of this [proceeding]” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see also Matter of Davis v Kohout, 35 AD3d 1173, 1173-1174 [2006], appeal and lv dismissed 8 NY3d 903 [2007], cert denied 552 US 826 [2007]; see generally Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]). Nor is the exception to the mootness doctrine applicable here (see generally Coleman v Daines, 19 NY3d 1087, 1090 [2012]), as petitioner may raise his double jeopardy claim by direct appeal from the judgment of conviction (see e.g. People v Singleton, 135 AD3d 1165, 1166-1167 [2016], lv denied 27 NY3d 969 [2016]).
 

 Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
 

 Adjudged that the petition is dismissed, as moot, without costs.