Matter of Anthony F. v Kayla E. (2021 NY Slip Op 01099)





Matter of Anthony F. v Kayla E.


2021 NY Slip Op 01099


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529540

[*1]In the Matter of Anthony F., Respondent,
v
Kayla E., Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Alexander W. Bloomstein, Hillsdale, for respondent.
Michelle I. Rosien, Philmont, attorney for the children.



Egan Jr., J.P.
Appeal from an order of the Family Court of Columbia County (Jacon, J.H.O.), entered June 28, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for permission to relocate with the subject children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2008 and 2010). In January 2017, a custody and visitation order was entered, on consent, granting the parties joint legal custody of the children, with the father having primary physical custody and the mother receiving parenting time. The father thereafter filed a modification petition and, in February 2018, upon the mother's default, Family Court issued an order granting the father sole legal and physical custody of the children and temporarily suspended the mother's parenting time pending her completion of drug treatment.[FN1] In March 2019, the father filed a petition seeking to relocate with the children to Florida. Following a fact-finding hearing and a Lincoln hearing, Family Court granted the father's petition, determining that relocation was in the best interests of the children. The mother appeals, arguing that Family Court failed to analyze the relevant factors in rendering its decision and that its determination finding that relocation served the best interests of the children lacks a sound and substantial basis in the record.[FN2]
The proposed relocation of a custodial parent provides the requisite change in circumstances required for Family Court to consider whether a modification of the existing custody order serves the best interests of the children (see Matter of James TT. v Shermaqiae UU., 184 AD3d 975, 976 [2020]; Matter of Rebekah R. v Richard R., 176 AD3d 1340, 1341 [2019]). To that end, "[t]he parent seeking to relocate bears the burden of demonstrating, by a preponderance of the evidence, that the proposed relocation is in the children's best interests" (Matter of Kristen MM. v Christopher LL., 182 AD3d 658, 659 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Michael BB. v Kristen CC., 173 AD3d 1310, 1311 [2019]). In making such a determination, "courts must consider, among other factors, 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren]'s [lives] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[ren] through suitable [parenting time] arrangements'" (Matter of James TT. v Shermaqiae UU., 184 AD3d at 976-977, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).
The evidence at the fact-finding hearing established that the father [*2]has a bonded and stable relationship with the children, has served as their primary caretaker since approximately 2016 and has provided for their financial, educational and overall well-being. The father outlined the economic benefits of relocating to Florida, in particular, moving into the home of the children's paternal grandfather (hereinafter the grandfather), who owns a four-bedroom, two-bathroom mobile home in Florida. The father was recently added to the deed of the grandfather's residence, providing him with a right of survivorship. In addition, by selling his present home, the father indicated that he was able to avoid an approximately $98,000 balloon payment that was scheduled to come due on a private mortgage, and potential foreclosure, as he had been unable to refinance said mortgage.[FN3] According to the father, relocation will save the family approximately $19,000 per year and, in addition, his current employer has a branch located near the grandfather's home in Florida that he may transfer to without losing any accrued time. In addition to the economic benefits, the relocation would also provide him and his current wife, a medical assistant, home health aide and certified nursing assistant, the ability to assist in caring for the grandfather, who suffers from various medical issues. Further, the father researched the children's school in Florida and was assured that the children's credits would transfer.
The mother, on the other hand, lives in a three-bedroom trailer with her mother (hereinafter the grandmother), stepfather and nephew, where she sleeps on the couch. The children have not spent the night at the mother's residence in nearly 3½ years and there is a history of domestic violence between the mother and the grandmother, with one particular incident having occurred while the children were present. The mother is presently unemployed and indicated that she has no present plans of establishing her own residence or reentering the workforce until such time as she successfully completes substance abuse treatment. The mother admittedly did not see the children throughout most of 2018. Following Family Court's March 2019 order, which provided the mother the opportunity to exercise unsupervised parenting time with the children, she attempted to exercise same on multiple successive weekends, but the children — who were 9 and 10 years old at the time of the hearing — were unwilling to accompany her, demonstrating the strained nature of the relationship between the mother and the children.[FN4]
In rendering its determination, Family Court blamed both the mother and the father for creating the present situation and placing the children in the middle of a potential relocation issue. Although the court credited the strides that the mother had made in addressing her substance abuse issues and recognized that the father's relocation would undoubtedly serve as a detriment to the mother's ability to see and continue to develop her relationship [*3]with the children, it took measures to mitigate these detrimental effects. The court devised a parenting schedule that would provide the mother four visits per year in Florida, with the father responsible for paying her travel and accommodation expenses, and also required that, when the father returns to New York, he provide the mother with adequate notice thereof so that she may exercise parenting time during such visits. Although Family Court did not specifically weigh every relevant factor in determining whether relocation was in the best interests of the children, given our independent review of the record and taking into consideration the arguments of the attorney for the children, the children's testimony at the Lincoln hearing and the father's willingness to both foster communication between the mother and the children and facilitate the mother's parenting time (see Matter of Townsend v Mims, 167 AD3d 1584, 1584-1585 [2018], lv denied 32 NY3d 919 [2019]), we are satisfied that Family Court's determination, finding that it was in the best interests of the children to permit the father to relocate to Florida, is supported by a sound and substantial basis in the record (see Matter of Lynk v Ehrenreich, 158 AD3d 1004, 1006-1007 [2018], lv denied 31 NY3d 909 [2018]; Matter of Perestam v Perestam, 141 AD3d 757, 759 [2016]).
Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The order further provided that the parties were free to agree on supervised parenting time and that the mother's successful discharge from drug treatment would constitute the necessary change in circumstances to allow her to seek modification of the subject order.

Footnote 2: In 2018, the mother filed a petition seeking to modify the visitation order on the basis that she had been sober for four months and had not seen the children since February 2018. In March 2019, a temporary order of visitation was issued. The mother's petition was not dealt with in the order on appeal and, thus, is not before this Court.

Footnote 3: The father indicated that, as of the time of the hearing, he was living with a friend, two houses down from the home that he had recently sold.

Footnote 4: The older child turned 11 years old two days following the hearing.