Matter of Clegg v Rounds (2023 NY Slip Op 06181)

Matter of Clegg v Rounds

2023 NY Slip Op 06181

Decided on November 30, 2023

Appellate Division, Third Department

Aarons, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

535974

[*1]In the Matter of David J. Clegg, as Ulster County District Attorney, Petitioner,
v
Bryan E. Rounds, as County Judge of Ulster County, et al., Respondents.

Calendar Date:October 11, 2023

Before: Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

David J. Clegg, District Attorney, Kingston, petitioner pro se.
Caroline E. Blackburn, County Attorney, Poughkeepsie (Christian R. Cullen of counsel), for Bradford H. White, respondent.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for Raymond AA., respondent.

Aarons, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, prohibit respondent County Judge of Ulster County from enforcing a decision dismissing a criminal case against respondent Raymond AA.
In connection with the death of a victim, respondent Raymond AA. (hereinafter defendant) was charged by indictment in May 2021 with various crimes, including murder in the second degree. At that time, defendant was arraigned and subsequently remanded to Ulster County jail. Sometime in the fall of 2021, defendant's trial was scheduled for April 2022. On April 18, 2022, respondent County Judge of Ulster County (hereinafter respondent) heard oral argument on defendant's motion for discovery sanctions under CPL article 245. Of note, defendant did not request to dismiss the indictment due to the alleged discovery violations or on speedy trial grounds. On April 22, 2022, which was the Friday before trial, the parties appeared for a status conference. At that time, respondent noted that he had issued various orders related to evidentiary issues and some discovery violations. In one specific order, dated April 26, 2022, respondent, as relevant here, gave defendant three remedies from which to choose regarding petitioner's failure to provide an expert witness disclosure: granting an adjournment to review any expert witness disclosure; giving an adverse inference charge; or limiting and precluding the scope of expert testimony offered by petitioner.[FN1] Defendant opted for the limitation/preclusion remedy.
Also at the April 22, 2022 conference, the prosecutor requested a one-month adjournment of the trial, highlighting, among other things, the voluminous information involved to prepare for the trial and the gravity of the charges and that he recently took over the prosecution of the matter after the previously assigned prosecutors left their employment with petitioner's office. Defendant opposed the request. In addressing the request, respondent appreciated the position that the prosecutor was put in, but noted, among other things, the numerous discovery violations by petitioner, the age of the case and the fact that defendant was in custody and a prosecution witness list had not yet been provided. Respondent further noted that the scheduling of the trial for April 2022 was set in the fall of 2021, that there were scheduling constraints for trials in the courtroom and that, notwithstanding the filing of certificates of compliance, petitioner had not made a prior request for an adjournment. Respondent thus denied the adjournment request.
On April 25, 2022, the morning of trial, the prosecutor, defendant's counsels and defendant appeared before respondent. The prosecutor stated on the record that a notice of appeal had been filed with respect to respondent's preclusion and discovery orders and again requested that the trial be adjourned. Respondent denied the request, noting that there was no order issued by this [*2]Court staying the trial. Prior to proceeding with jury selection, the prosecutor advised respondent that he "cannot participate in the jury selection at this time given that [the] case is legally insufficient based on the preclusions." Respondent did not order the prosecutor to prosecute the case against defendant but inquired of him as to whether he understood the implications of not participating in jury selection and the trial. The prosecutor stated that he understood that defendant would move to dismiss the indictment at trial. The prosecutor nonetheless noted that, because of respondent's preclusion orders, petitioner could not proceed with the trial. Respondent responded that he was following the law based upon the conduct of petitioner's office and that he would see, in the jury selection room, those parties that wished to participate in trial. Jury selection then ensued. A jury was empaneled, and voir dire commenced with respondent presiding and defendant present but in the absence of petitioner. A jury, including alternates, was then selected by defendant and sworn.
On April 27, 2022, respondent noted for the record that the entire jury, including alternates, defendant and counsels for defendant were present in the courtroom for trial. Respondent further noted that petitioner was not present. Respondent gave preliminary instructions to the jury and, as part of them, cautioned the jury not to speculate as to the reasons for petitioner's absence. Respondent then asked petitioner to give an opening statement. Respondent noted that there was silence in the courtroom and that no one from petitioner's office was present. Respondent then asked petitioner to call his first witness. Respondent again noted that there was silence in response to the request to call a witness and that no one from petitioner's office was present. Respondent inquired whether petitioner intended to rest and, once again, noted silence and petitioner's absence in response thereto. After counsel for defendant gave an opening statement, counsel orally moved under CPL 290.10 to dismiss counts 1, 4 and 5 of the indictment.[FN2] Respondent granted the motion.
Petitioner thereafter commenced this CPLR article 78 proceeding in this Court (see CPLR 506 [b] [1]) against respondent, defendant and respondent Bradford H. White, one of defendant's trial counsel. Petitioner seeks, as relevant here, a writ prohibiting respondent from enforcing the trial order of dismissal and certain discovery-related orders, arguing, among other things, that the trial that was held was a nullity and that respondent improperly delegated decision-making authority to defendant. Defendant and White separately joined issue. Respondent did not serve an answer (see CPLR 7804 [i]).
As an initial matter, contrary to defendant's assertion, the petition is not moot. Although the underlying criminal proceeding has terminated, granting the petition and issuing a writ prohibiting enforcement of respondent's order of [*3]dismissal would have the effect of nullifying the trial. In view of this nullification, a new trial would not be precluded on the same indictment (see CPL 40.30 [3]). As such, "an adjudication of the merits [of the petition] will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Defendant also asserts that this Court lacks personal jurisdiction over him due to improper service. The affidavit of service, however, reflects that defendant was personally served at his apartment. Defendant failed to rebut the presumption of proper service created by the affidavit of service and, therefore, his lack of personal jurisdiction assertion is without merit (see Owens v Freeman, 65 AD3d 731, 733 [3d Dept 2009], lv dismissed 13 NY3d 855 [2009]). Defendant's argument that the petition should be dismissed because it was not properly verified is without merit in view of the verification submitted by petitioner, a party to this proceeding (see CPLR 3020 [d]). Even if the verification was defective, the ensuing remedy would be to treat the petition as unverified, and not necessarily dismissal of it (see CPLR 3022). Defendant's remaining procedural contentions have been considered and are unavailing.
Turning to the merits of the petition, a writ of prohibition is extraordinary relief and should be issued "only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983] [internal quotation marks and citations omitted], cert denied 464 US 993 [1983]; see Matter of Proskin v County Ct. of Albany County, 30 NY2d 15, 18 [1972]).[FN3] "To demonstrate a clear legal right to the extraordinary writ of prohibition, a petitioner is required to show that the challenged action was in reality so serious an excess of power incontrovertibly justifying and requiring summary correction" (Matter of Soares v Carter, 25 NY3d 1011, 1013 [2015] [internal quotation marks and citation omitted]). "Prohibition may lie . . . where the claim is substantial, implicates a fundamental constitutional right, and where the harm caused by the arrogation of power could not be adequately redressed through the ordinary channels of appeal" (Matter of Rush v Mordue, 68 NY2d 348, 354 [1986] [citation omitted]).
Against that backdrop, petitioner argues that respondent acted outside his authority by failing to follow the law in his preclusion orders regarding petitioner's alleged discovery obligations. According to petitioner, respondent did not have the authority to order preclusion in the absence of any prejudice to defendant caused by petitioner's failure to meet his discovery obligations. Initially, [*4]had respondent dismissed the indictment based upon petitioner's failure to provide discovery, petitioner would have had an appeal as of right (see CPL 450.20 [12]) and would not need to seek a writ. Respondent, however, merely precluded petitioner from offering evidence and, therefore, the ordinary channels of appellate review were unavailable — a factor lending support for the proposition that a writ of prohibition is an available remedy. Notwithstanding this, although petitioner frames this argument as respondent acting outside his authority, petitioner essentially argues that respondent made a legal error in his preclusion orders. Given that "prohibition will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be" (Matter of Rush v Mordue, 68 NY2d at 353; see Matter of Oglesby v McKinney, 7 NY3d 561, 565 [2006]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]), the petition is dismissed to the extent that petitioner seeks to vacate respondent's preclusion orders on the basis that respondent did not find that defendant sustained prejudice.
Petitioner raises another ground in seeking a writ — respondent's order of dismissal cannot be enforced because respondent did not have the authority to conduct a criminal trial without his presence and issue a nonappealable order under CPL 290.10 in the absence of evidence at trial. This ground does not constitute a mere legal error by respondent. Such claim relates to the power to dismiss an indictment under CPL 290.10 where no proof was submitted by the prosecutor. Petitioner has a clear legal right to the sought relief given that, as the District Attorney, he "conduct[s] all prosecutions for crimes and offenses cognizable by the courts of the county for which he . . . [was] elected" (County Law § 700 [1]). Petitioner also "has broad discretion in determining when and in what manner to perform [those] duties" (Matter of Whitehurst v Kavanagh, 218 AD2d 366, 368 [3d Dept 1996], lv dismissed & denied 88 NY2d 873 [1996]; see People v Di Falco, 44 NY2d 482, 486 [1978]). The alleged error implicates separation of power issues given that the power to criminally prosecute an individual is reserved to the District Attorney, an officer of the executive branch of government (see Matter of Soares v Carter, 25 NY3d at 1013-1014; Matter of Holtzman v Goldman, 71 NY2d 564, 570 [1988]). Furthermore, respondent's trial order of dismissal, if an excess of power, would substantially affect the entire underlying criminal proceeding, from which petitioner could not appeal (see Matter of Holtzman v Bonomo, 93 AD2d 574, 576 [2d Dept 1983]). Under these circumstances, petitioner may seek a writ of prohibition (see Matter of Holtzman v Goldman, 71 NY2d at 570; Matter of Rush v Mordue, 68 NY2d at 355; Matter of Mollen v Matthews, 269 AD2d 42, 47 [3d Dept 2000]).
Notwithstanding the availability of a writ of prohibition, the issuance of one [*5]does not lie as of right (see La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]; Matter of Schmitt v Skovira, 53 AD3d 918, 921 [3d Dept 2008]). Rather, whether to issue such relief rests in the reviewing court's discretion (see Matter of Rush v Mordue, 68 NY2d at 354). "In exercising this discretion, various factors are to be considered, such as the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity and the remedial effectiveness of prohibition if such an adequate remedy does not exist" (Matter of Dondi v Jones, 40 NY2d 8, 13 [1976] [citations omitted]; see Matter of Carney v Leary, 106 AD2d 176, 178 [3d Dept 1985]).
Regarding the trial order of dismissal, a court's power to dismiss an indictment is circumscribed by statute (see Matter of Holtzman v Goldman, 71 NY2d at 570). The pertinent statute here is CPL 290.10. Although prohibition does not lie to review a dismissal under CPL 290.10 (see Matter of Santucci v Kohn, 74 NY2d 863, 864 [1989]), the operative question was whether respondent did, in fact, dismiss the indictment under that statute. Respondent did specifically recite CPL 290.10 as the basis for dismissing the indictment. This mere characterization, however, is not controlling. In reviewing the record, the dismissal of the indictment was not under CPL 290.10.
Upon a criminal defendant's motion, a court may dismiss any count of an indictment on the basis that the trial evidence was not legally sufficient to establish the charged crime (see CPL 290.10 [1] [a]). Critically, a court is empowered to do so "[a]t the conclusion of the [P]eople's case or at the conclusion of all the evidence" (CPL 290.10 [1]). Based on this language, a dismissal under CPL 290.10 contemplates, at the very least, that a prosecutor actually present a case. This did not occur in the underlying criminal proceeding. Petitioner did not deliver an opening statement, did not call witnesses and did not tender documentary evidence to be received by respondent. Without a case by petitioner, respondent could not dismiss the indictment under CPL 290.10 (cf. People v Sullivan, 142 AD2d 695, 696 [2d Dept 1988], lv denied 72 NY2d 1050 [1988]). In essence, the dismissal of the indictment was due to the default of petitioner, which respondent lacked authority to do (see Matter of Holtzman v Goldman, 71 NY2d at 574-575).
Furthermore, as part of a jury trial, a prosecutor "must deliver an opening address to the jury" (CPL 260.30 [3]) and "must offer evidence in support of the indictment" (CPL 260.30 [5]). The prosecutor also has the statutory right to examine and question prospective jurors (see CPL 270.15 [1] [c]). Upon being advised that the prosecutor would not participate in jury selection and trial, respondent did inquire whether the prosecutor understood the ramifications of such decision. The discussion, however, centered on a potential trial motion to dismiss [*6]by defendant. It did not involve a waiver of a prosecutor's statutory rights nor does the record indicate that the prosecutor expressly waived those rights. Although respondent went through the perfunctory steps of empaneling a jury, presiding over jury selection, giving initial instructions to a sworn jury and directing petitioner to make an opening statement and to call witnesses, what transpired in the underlying criminal proceeding can be characterized, at best, as legal theater, and not a trial by jury in which petitioner presented a case.
Of course, with the prosecutor's affirmative decision to abstain from trial, respondent was placed in a less than enviable position (see e.g. People v Wingard, 33 NY2d 192, 196 [1973]). Respondent's order pertaining to scheduling matters, in the prosecutor's view, may have been wrong or infringed upon the prosecutor's ethical or legal obligations. The prosecutor, however, was not free to disregard it no matter how
" 'misguided and erroneous [respondent's] order may have been' " (Matter of Brostoff v Berkman, 79 NY2d 938, 940 [1992], cert denied 506 US 861 [1992], quoting Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]). In this regard, flouting a court's directive or engaging in behavior that tends to interrupt a court proceeding subjects the disobedient party to criminal contempt (see Judiciary Law § 750 [A] [1], [3]).
This is not to suggest that a court use criminal contempt as a way to force a prosecutor to prosecute a case, and there is no serious dispute that a court could not resort to such means (see Matter of Soares v Carter, 25 NY3d at 1014). There is also no serious dispute, however, that a court retains the authority to control its calendar. If an actual jury trial cannot proceed without the prosecutor, the power to control that calendar impermissibly shifts from the court to the prosecutor. By deciding not to appear on a scheduled trial date, a prosecutor could effectuate an adjournment of a trial based solely on his or her own whim. This result cannot be sanctioned.
To that end, respondent, despite being in a tough position, was not without recourse (see Matter of Holtzman v Goldman, 71 NY2d at 574). Indeed, respondent contemplated adjournment and denied this requested relief. Respondent could have placed the trial on a reserve calendar and, while on the reserve calendar, set new bail for defendant or released defendant. Respondent could have dismissed the indictment in the interest of justice (see CPL 210.20 [1] [i]; 210.40 [1]). These remedies are not exclusive but illustrate the possible options available to respondent. These options may not have been ideal in respondent's view, and we do not express a view on what respondent should have done. The salient point to be taken is that respondent possessed the legal authority to order any one of them. What respondent could not do, after denying the adjournment request, was proceed with a charade of a trial and [*7]then, based on that charade, dismiss the indictment under the guise of CPL 290.10. There is no statutory basis for this path crafted by respondent. To permit such path would infringe upon petitioner's executive responsibility to prosecute the criminally accused. Because respondent acted outside his authority in this regard, that part of the petition seeking to prohibit the enforcement of the trial order of dismissal is granted.
By issuing a writ of prohibition to this extent, defendant's double jeopardy rights are not implicated because the relevant part of the underlying criminal proceeding is being nullified and a new trial could take place on counts 1, 4 and 5 of the indictment (see CPL 40.30 [3]). To that end, petitioner also raises a valid claim regarding the April 26, 2022 order inasmuch as respondent did not have the authority to delegate his judicial functions by letting defendant choose the sanction that should be imposed for petitioner's discovery violations. A writ of prohibition is available because the alleged error pertains not to the merits of the order, but to the ability of respondent to delegate his decision-making powers to a party. Petitioner has demonstrated a clear legal right to have respondent, and not defendant, pick a sanction for the alleged discovery violation. Indeed, the relevant statute explicitly provides that the sanction is to be imposed by "the court" (CPL 245.80 [1]). Additionally, petitioner raises a substantial claim that pertains to the extent of a court's power under CPL article 245 and that, under the circumstances of this case, cannot be redressed in an appeal.
That said, a writ of prohibition should be issued with respect to the April 26, 2022 order because "a judge may not delegate judicial decision-making" (Advisory Comm on Jud Ethics Op 09-211 [2009]; see e.g. People v Toliver, 89 NY2d 843, 845 [1996]; Matter of Megan NN. v Michael NN., 210 AD3d 1357, 1361 [3d Dept 2022]). Making a decision upon a motion of a party is a core function of a court. The judicial system and its impartiality are both undermined if a court lets one of the parties make a legal decision in a pending case. Indeed, "[a]n independent and honorable judiciary is indispensable to justice in our society" (22 NYCRR 100.1). Of course, a party to a proceeding or an action is free to argue what particular remedy should be imposed based upon the circumstances presented. The ultimate remedy to be actually imposed, however, is a decision to be made and rendered by a court. Accordingly, the petition should be granted to the extent of prohibiting enforcement of that part of the April 26, 2022 order that delegated the responsibility to defendant to choose a sanction to be imposed on petitioner.[FN4]
Clark, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ADJUDGED that the petition is granted, without costs, to the extent of (1) prohibiting respondent County Judge of Ulster County from enforcing the order dismissing the indictment in [*8]the underlying criminal proceeding, and (2) prohibiting said respondent from enforcing that part of the April 26, 2022 order in the underlying criminal proceeding that delegated the choice of a sanction to respondent Raymond AA., and is otherwise dismissed.

Footnotes

Footnote 1: The date of April 26, 2022 on the order appears to be a scrivener's error.

Footnote 2: Counts 2 and 3 were previously dismissed due to legally insufficient evidence presented to the grand jury.

Footnote 3: White raises, among other grounds, that the petition fails to state a cause of action against him. Because petitioner neither seeks any affirmative relief against White nor alleges in the petition that White acted in excess of any legal authority, the petition must be dismissed insofar as asserted against him (see Matter of Daniels v Lewis, 95 AD3d 1011, 1012 [2d Dept 2012]).

Footnote 4: We express no opinion as to whether a sanction should have been imposed and, if so, the nature of that sanction. Our holding is limited to prohibiting respondent from delegating the choice of a sanction, if warranted, to a party in the underlying criminal proceeding.