Matter of Snyder v Farrell (2025 NY Slip Op 06002)

Matter of Snyder v Farrell

2025 NY Slip Op 06002

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-1262
[*1]In the Matter of Raymond Snyder, Petitioner,
v
James R. Farrell, as County Judge of Ulster County, Respondent, and Emmanuel Nneji, as Ulster County District Attorney, Respondent.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Margaret M. Walker, Public Defender, Poughkeepsie (Bradford H. White of counsel), for petitioner.
Emmanuel Nneji, District Attorney, Kingston, respondent pro se.

Lynch, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, prohibit respondent County Judge of Ulster County from enforcing an order which, among other things, vacated a prior order precluding a witness from making an in-court identification at trial.
This original CPLR article 78 proceeding was initiated in this Court in July 2024. Petitioner was indicted in May 2021 on charges of murder in the second degree and other crimes. On November 30, 2023, in Matter of Clegg v Rounds (222 AD3d 112 [3d Dept 2023]), this Court granted a petition by the Ulster County District Attorney prohibiting the Ulster County Court (Rounds, J.) from enforcing an order dismissing the indictment in the underlying criminal proceeding, as well as a discovery order that delegated the choice of sanction to petitioner. In so holding, this Court confirmed that a new trial could be held on counts 1, 4 and 5 of the indictment, which included the murder charge (id. at 122).
Shortly thereafter, Judge Rounds recused from the matter and the underlying criminal action was assigned to respondent James R. Farrell (hereinafter respondent). In the meantime, during mid-2022, the People re-presented the criminal matter to a grand jury but a superseding indictment was not unsealed until after this Court issued its decision. Petitioner then moved to dismiss both the original and superseding indictments and, alternatively, for discovery sanctions. By decision and order dated July 2024, County Court (Farrell, J.), as relevant here, granted petitioner's motion to dismiss the superseding indictment, with leave to re-present to a new grand jury. County Court also revisited and vacated so much of Judge Rounds' previous orders precluding certain witness identification testimony, scheduled a Wade hearing and set a trial date. Petitioner commenced this proceeding for a writ of prohibition to preclude enforcement of that portion of the July 2024 order, maintaining that respondent exceeded his judicial authority in disregarding this Court's determination in Matter of Clegg v Rounds and in vacating Judge Rounds' orders.[FN1]
With this proceeding pending, petitioner was convicted — after a jury trial on the original indictment in October 2024 — of murder in the second degree and two counts of burglary in the first degree. In February 2025, petitioner was sentenced to a prison term of 25 years to life on the murder conviction and concurrent prison terms of 25 years, to be followed by five years of postrelease supervision, on the burglary convictions. Petitioner filed a notice of appeal from the judgment of conviction on March 13, 2025. Given this context, we conclude that the petition must be dismissed as moot for "the requested relief is no longer available" to petitioner (Matter of Ellis v Cawley, 154 AD3d 1225, 1226 [3d Dept 2017], appeal dismissed 30 NY3d 1087 [2018]). Nor does the exception to the mootness doctrine apply (see Matter of Hearst Corp[*2]. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Ellis v Cawley, 154 AD3d at 1226).
Prohibition is an extraordinary remedy "available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]). A proceeding to obtain a writ of prohibition may not be used to challenge a determination that is reviewable upon a direct appeal (see CPLR 7801 [1]). In other words, "prohibition will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure" (Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]; see Matter of Holtzman v Goldman, 71 NY2d at 569; La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]; Matter of Canning v Revoir, 220 AD3d 16, 19 [3d Dept 2023]). The legal arguments petitioner has made with respect to respondent's July 2024 decision and order may be reviewed on petitioner's direct appeal from his criminal convictions. We are not persuaded by petitioner's contention that respondent failed to abide by this Court's decision in Matter of Clegg v Rounds with regard to Judge Rounds' orders. This Court prohibited two actions undertaken by Judge Rounds but did not otherwise address the merits of the court's orders. Insofar as petitioner maintains that respondent violated the law of the case doctrine by vacating Judge Rounds' evidentiary orders, we are mindful that the doctrine applies in criminal cases and generally cautions that " 'a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction' " (People v Evans, 94 NY2d 499, 504 [2000], quoting Matter of Dondi v Jones, 40 NY2d 8, 15 [1976]). Even so, the doctrine does not restrict a court's underlying authority (see id. at 503). In an instance, as here, where a new judge has been assigned to a pending matter, the doctrine would not preclude the new judge from entertaining a motion to reargue (see CPLR 2221 [a]). That petitioner may take issue with respondent's decision to deem the People's opposition to petitioner's motion to dismiss as a request for reargument and the merits of respondent's ultimate decision does not mean that the court acted outside of its jurisdictional authority. As discussed above, whether the court erred in its decision remains subject to review on direct appeal.
Clark, J.P., Aarons, Ceresia and Fisher, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.

Footnotes

Footnote 1: This Court denied petitioner's motion for a stay of the underlying criminal action pending the adjudication of this petition.